[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The court articulates its decision of March 3, 1997, denying appellant R. A. Lalli Company, Inc's motion for discovery as follows.
The court reviewed the grounds of appeal as contained in paragraph 13 of the Petition of Appeal and concluded that subparagraphs (a), (b), and (c) do not raise the issue to which its discovery is directed namely the past practices, policies and decisions of the CHRO as probative of the question of procedural irregularities. Furthermore, the court is of the opinion that procedural irregularities, if any, would be evident in the record and should not be provable through evidence of procedures followed by the agency in other matters extrinsic and irrelevant to the instant case, particularly when such evidence was not proffered at trial.
 "The function of a trial court is to look only at the materials before the agency and to determine from the record whether the facts found by the [Agency] as supported by the record, whether [it] furnishes justifiable reasons for its action. . . . and whether it has acted illegally or has exceeded or abused its powers. . . ." Wilson Point Property Owners Assn. v. Connecticut Light and Power Co., 243 252 (1958).
Whatever the practices or procedures of the CHRO were or many have been in other matters before it, this court believes is clearly not relevant to its practices and procedures in the instant case. CT Page 4688
BY THE COURT,
DAVID W. SKOLNICK JUDGE OF THE SUPERIOR COURT